UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BURBACH AQUATICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 12 C 6613 |
| | ) | |
| HUNTLEY ILLINOIS PARK DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on Plaintiff Burbach Aquatics, Inc.'s ("Burbach") motion to vacate an arbitration award. For the reasons set forth below, the motion is denied.

## BACKGROUND

Burbach is an architectural and engineering firm which specializes in designing aquatic facilities. On December 10, 1999, Burbach's predecessor in interest, Burbach Municipal, entered into a written contact ("Contract") with Huntley Illinois Park District ("Huntley"), to provide engineering services for the design and construction of a new municipal swimming pool and community center. Burbach performed under the Contract and invoiced Huntley for the services they performed and reimbursable expenses. Huntley paid Burbach for some, but not all of the invoices sent. The last

payment Huntley made to Burbach was on June 7, 2004. The Contract contained a provision that called for disputes to be resolved in binding arbitration.

On January 26, 2012, Burbach sought the collection of the remaining unpaid invoiced amounts through arbitration. Burbach filed a Demand for Arbitration in accordance with the requirements of the Contract. In lieu of answering Burbach's Demand for Arbitration, Huntley filed a motion to dismiss the proceeding arguing it as time barred.

Prior to the hearing Burbach chose the Fast Track Arbitration Procedure of the Construction Industry Arbitration Rules ("Fast Track Arbitration") which provides for an expedited timetable to the hearing, a single hearing day, and an award in 14 days. On May 17, 2012, an arbitration hearing was held before an arbitrator. At the arbitration hearing, Burbach offered evidence and testimony concerning the claimed principal balance owed, the accrued interest on the principal and attorney's fees which it sought. Huntley did not offer any evidence, but did submit to the arbitrator case law pertaining to Wisconsin's six year statute of limitations, which Huntley argued barred Burbach's claims. After the close of evidence, both parties were allowed to give closing remarks. During closing remarks Burbach asserted that the ten year Illinois statute of limitations should apply.

The arbitrator issued his final award finding in favor of Huntley on May 30, 2012. On October 3, 2012, Burbach filed an Amended Motion to Vacate the Arbitration Award.

## LEGAL STANDARD

Under the Federal Arbitration Act, the grounds for overturning an arbitration award are "narrowly limited." *IDS Life Ins. Co. v. Royal Alliance Associates, Inc.*, 266 F.3d 645, 649 (7th Cir. 2001). The sole basis for vacating an arbitration award are contained in 9 U.S.C. § 10(a). *Affymax, Inc. v. Ortho-McNeil-Janssen Pharmaceuticals, Inc.*, 660 F.3d 281, 284 (7th Cir 2011). That subsection allows a district court to vacate an arbitration award if: 1) the award was procured by corruption or fraud; 2) there was evident partiality in the arbitrator; 3) the arbitrator was guilty of misconduct in refusing to hear evidence pertinent to the controversy; 4) the arbitrator exceeded their power. 9 U.S.C. § 10(a). District courts are not to engage in a judicial review of arbitration awards. *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 269 (7th Cir. 2006). When parties agree to arbitrate their disputes they opt out of the court system, which consequently relegates their options to challenge an award. *Id.* "Factual or legal error, no matter how gross, is insufficient to support overturning an arbitration award." *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 563 (7th Cir. 2008).

Accordingly, the Court recognizes that it must grant an arbitrator's decision great deference. *See Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir. 2004).

## DISCUSSION

Burbach asserts that the arbitration award should be vacated pursuant to § 10(a)(2) because the arbitrator demonstrated an evident partiality when he refused to accept a memorandum submitted by Burbach and allowed Huntley to submit a case supporting their position. Burbach contends that the partiality of the arbitrator can also be evidenced in his refusal to give an explanation for his decision. Additionally, Burbach argues that the arbitration award should be vacated pursuant to § 10(a)(3), because the arbitrator exhibited a manifest disregard for the applicable law.

### A. Partiality

Burbach contends that the evidentiary rulings made during the course of the arbitration proceeding evidences the arbitrator's partiality. Additionally Burbach asserts that the arbitrator's refusal to issue a reasoned opinion of the award constitutes a clear indication of partiality. Burbach contends that these limited instances establish proof that the arbitrator was unduly biased and partial to Huntley.

"To set aside an award for arbitration partiality, '[t]he interest or bias . . . must be direct, definite and capable of demonstration rather than remote, uncertain or speculative." *Health Svcs. Mgt. Corp. v. Hughes*, 975 F.2d 1253, 1264 (7th Cir. 1992)

(quoting *Tamari v. Bache Halsey Stuart Inc.*, 619 F.2d 1196, 1200 (7th Cir. 1980)). Absent bad faith or error, decisions to admit or exclude evidence are entirely at the discretion of the arbitrator. *See United Paperworks Int'l Union v. Misco, Inc.*, 484 U.S. 29, 40 (1987).

Burbach frames its argument for establishing the partiality of the arbitrator by pointing to the evidentiary ruling made during the proceeding. Burbach exclusively relies on the arbitrator's acceptance of Huntley's case law and conversely the denial of Burbach's memorandum in support of their position of partiality in violation of § 10(a)(2). Huntley refutes this assertion by pointing out that Burbach was allowed to submit all of its witness and documentary evidence. However the sole issue Burbach elicits to show the partiality of the arbitrator concerns a memorandum outlining their theory of the applicable statute of limitations.

A review of the record shows that Burbach was aware of the limited filing requirements of the arbitration proceeding and was allowed to submitted its theory of the applicable case law to the arbitrator. According to the Fast Track Arbitration Rules, briefs would not be entertained by the arbitrator unless both parties filed them. Prior to the hearing, Burbach notified Huntley that they intended on filing a pre-hearing brief. Huntley objected to this filing and on May 16, 2012 Burbach was again notified that briefs would not be submitted unless both parties filed them. During the evidentiary

portion of the arbitration proceeding, Burbach again attempted to submit their brief over the objection of Huntley, which was refused by the arbitrator. Huntley, on the other hand, was successful in submitting a single Wisconsin Supreme Court case addressing its position on the applicable statute of limitations. Burbach did not make any attempt to introduce case law during the hearing. After the close of evidence, the arbitrator heard arguments from Burbach and Huntley. During its summation argument, Burbach presented case authority for its position on the applicable Illinois statute of limitations, which rebutted Huntley's assertion. The record reveals that the arbitrator was exercising his discretion to manage the arbitration proceeding and Burbach had ample opportunity to convey their position for the arbitrator to consider. The arbitrator did not display partiality in admitting or denying evidence which justifies vacating the arbitration award.

Additionally, Burbach briefly points to the arbitrator's refusal to offer a reasoned opinion for his award decision as evidence of his impartiality. It is well settled that an arbitrator need not state the reasons for his decision. *See Eljer Mfg. Inc. v. Kowin Development Corp.*, 14 F.3d 1250, 1253-54 (7th Cir. 1994). Burbach proceeds with its assertion but does not supplement its argument with any substantive facts which substantiate their claim of partiality. Huntley directs the Courts attention to the fact the Burbach chose the Fast Track Arbitration method, which does not provide for an

opinion of the award. Also Burbach did not specifically choose the written method for the award to be rendered prior to the conclusion of the hearing. The absence of a formalized choice of a written opinion and the selection of the Fast Track Arbitration proceeding, both by Burbach, completely eviscerates its retroactive assertion of partiality on the basis of a lack of written opinion. The arbitrator did not show partiality in refusing to convey his award decision in writing.

Burbach's arguments concerning the partiality of the arbitrator are unconvincing and do not constitute grounds for the vacatur of the award.

**B. Manifest Disregard for the Law**

Burbach argues that the arbitrator's manifest disregard for the law constitutes misconduct, justifying vacatur under to § 10(a)(3). The Seventh Circuit has defined an arbitrator's manifest disregard of the law so narrowly that it fits within the confines of an arbitrator exceeding their powers under § 10(a)(4). *Wise,* 450 F.3d at 268. The Court will assess Burbach's arguments according to the § 10(a)(4) standard, in light of the case law re-classifying their argument.

Burbach initially claims that the decision of the arbitrator was a manifest disregard for the law. Burbach follows this claim with a separate argument that the arbitrator erred in the application of the appropriate law in reaching the award decision. As a mere error in the law is not sufficient to vacate an arbitration award, the Court will

proceed only considering Burbach's manifest disregard for the law argument. *See Butler Mfg. Co. v. United Steelworkers of Am.*, 336 F.3d 629, 636 (7th Cir. 2003).

"[T]he 'manifest disregard' principle is limited to two possibilities: an arbitral order requiring the parties to violate the law, and an arbitral order that does not adhere to the legal principles specified by contract, and hence unenforceable under § 10(a)(4)." *George Watts & Son, Inc. v. Tiffany & Co.*, 248 F.3d 577, 580 (7th Cir. 2001). Legal errors by an arbitrator, even egregious errors, are not grounds for vacating the award. *Halim*, 516 F.3d at 563.

Burbach does not argue that the arbitrator's award directs the parties to violate the law. Burbach solely argues that the arbitrator's decision to apply the Wisconsin statute of limitations as opposed to the Illinois statute of limitations represents a manifest error of the law. Burbach merely states its position and does not point to any contractual provision which the arbitrator failed to consider, as required under the manifest disregard standard.

Huntley refutes Burbach's argument by referring to the Contract between the parties. The Contract specifies that the applicable state law shall be where the architect maintains their principal place of business. Burbach contracted as the architect of the water park and admits in its Amended Complaint that its principal place of business is Platteville, Wisconsin. Accordingly, the arbitrator applied the legal principles agreed

to in the Contract. The Court is not persuaded that the arbitrators' decision is unenforceable by reason of manifest disregard of the law.

## CONCLUSION

For the foregoing reasons, Burbach's motion to vacate the arbitration award is denied.

_____
Charles P. Kocoras
United States District Judge

Dated: ___November 21, 2012___